ROBERT G. WING (4445)
JONI OSTLER (9607)
Assistant Attorneys General
Utah Attorney General's Office
160 East 300 South, Fifth Floor
Salt Lake City, Utah 84114
Telephone: 801-366-0310
rwing@agutah.gov
joniostler@agutah.gov

Attorneys for Non-Party Movants Adam Watson
and Utah Division of Consumer Protection

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAY PACER LLC, et al.,<br><br>Defendants,<br><br>ADAM WATSON and UTAH DIVISION OF CONSUMER PROTECTION<br><br>Non-Party Movants. | **NON-PARTIES ADAM WATSON'S AND UTAH DIVISION OF CONSUMER PROTECTION'S MOTION TO QUASH PURSUANT TO FED. R. CIV. P. 26(c) & 45, AND DUCivR 26(b) & 37-1**<br><br>**AND**<br><br>**MOTION TO TRANSFER PURSUANT TO FED. R. CIV. P. 45(f)**<br><br>United States District Court<br>Northern District of Illinois, Eastern Division<br>Case Number: 1:19-cv-01984<br>Judge Edmond E. Chang |

1

Pursuant to Fed. R. Civ. P. 26(c) and 45, and DUCivR 26(b) and 37-1, the Utah Division of Consumer Protection ("the Division") and its Chief Investigator Adam Watson move to quash the deposition subpoena served on Watson by Day Pacer LLC on December 29, 2020. Watson and the Division certify that their counsel Joni Ostler and Robert Wing conferred telephonically with Day Pacer counsel Messrs. Raymond Fitzgerald and David Cumming on December 31, 2020 at 11 a.m. without reaching agreement.

The Federal Trade Commission sued Day Pacer and others for violations of federal telemarketing laws. The Division and Watson are non-parties. Watson's knowledge about the Defendants came from his communications with another Division investigator, Ao Pauga, about the Division's investigation, and meetings Watson had with Day Pacer officers Messrs. Fitzgerald and Cumming, who are defendants in the FTC's case. Watson Decl. ¶¶3, 5. Defendants seek to depose Watson about his internal communications with investigator Pauga, his communications with the FTC, and Watson's meetings with Defendants. These topics are irrelevant to the claims and defenses in the FTC's lawsuit. To depose a non-party, Defendants must make a stronger showing of relevance than for party discovery. *See*, *e.g.*, *Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, 2013 WL 6734117, at *2 (M.D. Ga. 12/19/2013). Inquiries into the impressions, opinions, mental processes, or legal theories of non-parties—what Defendants seek here—are irrelevant. *See, e.g.*, *Crowley v. Anderson County, Tennessee,* 2018 WL 8922822, *3 (E.D. Tenn. 05/07/2018). The Division's investigation had nothing to do with the FTC's lawsuit. Watson's conversations with Pauga, the FTC, and Day Pacer's officers are not probative of any relevant fact. Further, Defendants themselves know

what was said in their meetings with Watson, so deposing Watson about those meetings is unnecessary and imposes undue burden.

Watson's communications with Pauga and the FTC are not only irrelevant, but are within the law enforcement investigative privilege, deliberative process privilege, and work product doctrine. See *Pitman v. U.S. C.I.S.*, 2018 WL 6725535, at \*2 (D. Utah 12/21/18) (deliberative process privilege protects government opinions and recommendations for agency decisionmaker's decisions; law enforcement privilege protects information related to investigations even after investigation is complete); *United States v. $343,726.60 in U.S. Currency*, 2006 WL 8445867, \*4 (S.D. Fla. 1/12/2006) (work product doctrine protects deponent investigator from answering questions about communications with others during investigation); Watson Decl. ¶7. The Division's investigation of Day Pacer was in anticipation of litigation. Watson's internal communications with Pauga are thus protected, as are Watson's communications with the FTC. While a party can overcome the privileges by showing a need that outweighs the privilege (*Pitman* at \*2), Defendants cannot, because the information sought is irrelevant to the FTC's claims that Defendants violated federal laws, and any cognizable defense.

The FTC will seek a protective order regarding the Watson deposition subpoena in the Northern District of Illinois. The Court should transfer this motion there under Rule 45(f). Movants request additional briefing if the Court is inclined to deny this motion.

Dated this 4th day of January 2021.

By: /s/ Joni Ostler
Joni Ostler
Assistant Attorney General
Counsel for Movants Adam Watson and Utah
Division of Consumer Protection

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of January 2021, I served the foregoing **NON-PARTIES ADAM WATSON'S AND UTAH DIVISION OF CONSUMER PROTECTION'S MOTION TO QUASH PURSUANT TO FED. R. CIV. P. 26(c) & 45, AND DUCivR 26(b) & 37-1 AND MOTION TO TRANSFER PURSUANT TO FED. R. CIV. P. 45(f)** by email to counsel for the parties in the underlying action shown on the attached service list.

    /s/ Joni Ostler
    Joni Ostler

**1:19-cv-01984** Federal Trade Commission v. Day Pacer LLC et al.
Edmond E. Chang, presiding
Young B. Kim, referral
Date filed: 03/22/2019
Date of last filing: 12/21/2020


SERVICE LIST

# Attorneys

| | | |
|---|---|---|
| **Raymond L. Fitzgerald**<br>Butler Fitzgerald Fiveson & McCarthy PC<br>9 East 45th Street Ninth Floor<br>New York, NY 10017<br>(212) 615-2222<br>Active (fax)<br>rfitzgerald@bffmlaw.com<br>　Assigned: 03/28/2019<br>　LEAD ATTORNEY<br>　ATTORNEY TO BE NOTICED | representing | **Day Pacer LLC**<br>*(Defendant)* |
| | | **Edutrek L.L.C**<br>*(Defendant)* |
| | | **Ian Fitzgerald**<br>*(Defendant)* |
| | | **Raymond Fitzgerald**<br>*(Defendant)* |
| | | **David Cumming**<br>1673 Village Round Drive<br>Park City, UT 84098<br>(435) 671-1647<br>dcomyn@gmail.com<br>*(Defendant)*<br>PRO SE |
| **Leah Ei Wha Frazier**<br>Federal Trade Commission<br>CC-10232<br>600 Pennsylvania Avenue, NW<br>Washington, DC 20580<br>(202) 326-2187<br>US Govt Attorney (fax)<br>lfrazier@ftc.gov<br>　Assigned: 03/22/2019<br>　ATTORNEY TO BE NOTICED | representing | **Federal Trade Commission**<br>*(Plaintiff)* |
| **Mark Lawrence Glassman** | representing | **Federal Trade Commission** |

Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop 10232
Washington, DC 20580
(202) 326-2826
Pro Hac Vice (fax)
mglassman@ftc.gov
  *Assigned: 04/10/2020*
  *PRO HAC VICE*
  *ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **William Joseph Hodor**<br>Federal Trade Commission<br>230 South Dearborn Street<br>Room 3030<br>Chicago, IL 60604<br>(312) 960-5634<br>Not a member (fax)<br>whodor@ftc.gov<br>  *Assigned: 03/22/2019*<br>  *ATTORNEY TO BE NOTICED* | representing | **Federal Trade Commission**<br>*(Plaintiff)* |
| **Patrick Roy**<br>Federal Trade Commission<br>600 Pennsylvania Ave, NW<br>Mail Stop CC-10232<br>Washington, DC 20580<br>(202) 326-3477<br>proy@ftc.gov<br>  *Assigned: 03/22/2019*<br>  *PRO HAC VICE*<br>  *ATTORNEY TO BE NOTICED* | representing | **Federal Trade Commission**<br>*(Plaintiff)* |
| **Jason Schall**<br>Federal Trade Commission<br>600 Pennsylvania Ave, NW<br>Mail Stop CC-10232<br>Washington, DC 20580<br>(202) 326-2251<br>jschall@ftc.gov<br>  *Assigned: 03/22/2019*<br>  *TERMINATED: 08/18/2020*<br>  *PRO HAC VICE* | representing | **Federal Trade Commission**<br>*(Plaintiff)* |
| **Adam M Wesolowski**<br>Federal Trade Commission<br>600 Pennsylvania Ave NW<br>Washington, DC 20850<br>202.326.3068<br>US Govt Attorney (fax)<br>awesolowski@ftc.gov | representing | **Federal Trade Commission**<br>*(Plaintiff)* |